UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PABLO DELAPAZ, MICHAEL SARKAUSKAS and JOSEPH NASELLA, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 07 C 1224 ) ) Judge George M. Marovich ) |
| CITY OF CHICAGO, MICHAEL PICARDI, ROBERT RICHARDSON, and MEL WILSON, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Pablo Delapaz ("Delapaz"), Michael Sarkauskas ("Sarkauskas") and Joseph Nasella ("Nasella") filed a complaint against defendants City of Chicago, Michael Picardi ("Picardi"), Robert Richardson ("Richardson") and Mel Wilson ("Wilson"). Each plaintiff brings a claim under 42 U.S.C. § 1983 for defendants' alleged violation of his constitutional right of freedom of association. Defendants move to dismiss the complaint. For the reasons set forth below, the Court grants in part and denies in part defendants' motion.

**I.    Background**

The Court takes as true the allegations in plaintiffs' complaint.

Defendants Picardi, Richardson and Wilson are all employed by the City of Chicago. Since 2005, Picardi has been Streets and Sanitation Commissioner, and Richardson has been Deputy Commissioner of Street Operations. Since 2004, Wilson has been a manager in Field Maintenance for the City of Chicago. Plaintiffs, too, have worked for the City of Chicago, and they allege that their positions have changed with the political winds.

Plaintiff Delapaz has worked for the City of Chicago since 1984, when he accepted a position as a truck driver. Delapaz, who has been a volunteer for the Hispanic Democratic Organization since 1996, was promoted to foreman in 1998. In 2001, Al Sanchez (who was, at the time, the Streets and Sanitation Commissioner) promoted Delapaz to acting general foreman.

By 2005, Sanchez retired and was replaced as Streets and Sanitation Commissioner by defendant Picardi. Picardi was not a member of the Hispanic Democratic Organization. Rather, he was associated with Alderman Richard Mell ("Ald. Mell"). In the spring of 2005, Picardi informed plaintiff Delapaz that the Hispanic Democratic Organization was dead. Defendant Picardi demoted plaintiff Delapaz to foreman (from acting general foreman) and told him, "You are not in charge of nothing." Delapaz claims that Picardi demoted him for being involved with the Hispanic Democratic Organization instead of with Ald. Mell.

Like Delapaz, plaintiff Sarkauskas was a long-time (since 1979) truck driver for the City of Chicago. Sarkauskas joined the Hispanic Democratic Organization in 1998, and, in 2000, was promoted to acting foreman. In 2005, defendant Richardson instructed Delapaz to inform Sarkauskas that he was being demoted from acting foreman to truck driver. Sarkauskas claims that this demotion was based on the fact that he belonged to the Hispanic Democratic Organization rather than Ald. Mell's organization. Sarkauskas also claims he was denied a promotion to acting foreman in January 2006 because he was a member of the Hispanic Democratic Organization.

Plaintiff Nasella has worked for the City of Chicago as a machinist in the Field Maintenance Department since 1994. He has volunteered for the Hispanic Democratic Organization since 1993. In 2004, Nasella bid for a position as foreman in Field Maintenance.

An employee with less experience and no affiliation with the Hispanic Democratic Organization was selected over Nasella. In February 2006, Nasella was suspended by defendant Wilson for fifteen days for unsafe work practices. Nasella claims that the reason he was suspended in 2006 and not promoted in 2004 is that he was involved with the Hispanic Democratic Organization instead of with Ald. Mell.

Defendants move to dismiss plaintiffs' claims.

## II. Standard on a motion to dismiss

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiffs' favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Twombley*, 127 S.Ct. at 1964-1965. A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Twombley*, 127 S.Ct. at 1965.

## III. Discussion

### A. Statute of Limitations

Defendants argue that some of plaintiffs' claims are time-barred. Because § 1983 does not contain a statute of limitations, federal courts adopt the forum state's statute of limitations for personal injury suits. *Ashafa v. City of Chi.*, 146 F.3d 459, 461 (7th Cir. 1998) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). The applicable statute of limitations in Illinois is two years. *Ashafa*, 146 F.3d at 462. This (as is every) statute of limitations is an affirmative defense, and the plaintiff need not plead around it. *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003); Fed. R. Civ. P. 8(c). Still, a plaintiff "may plead himself out of court by alleging (and thus admitting) the ingredients of a defense." *Id.*

Plaintiffs filed their complaint on March 2, 2007. Therefore, any acts plaintiffs allege to have taken place before March 2, 2005 are time-barred. Here, only one event is alleged to have taken place before March 2, 2005. Specifically, plaintiff Nasella alleges that he was denied a promotion in 2004. Because Nasella was denied that promotion more than two years before he filed suit, he cannot recover for it. That portion of Nasella's § 1983 claim is time-barred.

### B. Municipal liability

The City of Chicago argues that the claims against it should be dismissed because plaintiffs fail to include allegations that would allow Chicago to be held liable under § 1983.

In *Monell v. Department of Soc. Serv. of N.Y.*, 436 U.S. 658 (1978), the Supreme Court described the circumstances under which a municipality could be held liable under § 1983. The Supreme Court explained that it is:

> when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. at 694. Thus, to state a claim under § 1983, a plaintiff must allege that:

-4-

> (1) the City had an express policy that, when enforced, causes a constitutional deprivation; (2) the City had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority.

*McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000). Chicago argues that it cannot be held liable because plaintiffs have failed to allege the existence of a policy, practice or custom which led to the alleged constitutional deprivation.

Plaintiffs argue that they have adequately alleged a "widespread practice" in that they have alleged similar practices affecting each of the three plaintiffs. Specifically, plaintiffs allege that in 2005, defendant Picardi demoted plaintiff Delapaz, and defendant Richardson demoted plaintiff Sarkauskas. In addition, plaintiffs allege that in 2006, plaintiffs Sarkauskas and Nasella were denied promotions. Plaintiffs allege that each of these actions was taken because the plaintiffs were involved with the Hispanic Democratic Organization and not with Ald. Mell's organization.

The Court fails to see how four incidents involving three individuals constitutes a "widespread practice that . . . is so permanent and well settled as to constitute a custom or usage with the force of law." *See also Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1326(7th Cir. 1993) (single incident does not establish widespread practice); *Levin v. Board of Ed. of the City of Chi.*, 470 F. Supp.2d 835, 843 (N.D. Ill. 2007) (dismissing § 1983 claim because "two instances of unconstitutional conduct . . . 'does not suggest a widespread, enduring practice that violates constitutional rights in a systemic manner.'") (internal citation omitted).

Accordingly, the Court dismisses without prejudice plaintiffs' claims against the City of Chicago.

### C. Individual vs. official capacity

Finally, defendants seek to dismiss plaintiffs' claims against the individual defendants on the grounds that plaintiffs have not stated whether those claims are made against the individuals in their individual or official capacities. Suits against government officials in their official capacities are suits against the governmental entity. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Were plaintiffs' claims against the individuals in their official capacities, they would have to be dismissed for the same reasons the Court dismissed the claims against the City of Chicago.

The plaintiffs, however, have stated (albeit in their brief) that they mean to sue the individuals in their individual capacities. Accordingly, the Court will not dismiss the claims against the individuals.

### IV. Conclusion

For the reasons set forth above, the Court grants in part and denies in part defendants' motion to dismiss. The Court dismisses without prejudice plaintiffs' claims against defendant City of Chicago.

ENTER:

*George M. Marovich*
_____
George M. Marovich

United States District Judge

DATED: October 16, 2007