UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PABLO DELAPAZ, and<br>MICHAEL SARKAUSKAS,<br><br>    Plaintiffs,<br><br> v.<br><br>ROBERT RICHARDSON,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) 07 C 1224<br>)<br>) Judge George M. Marovich<br>)<br>)<br>) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs Pablo Delapaz ("Delapaz") and Michael Sarkauskas ("Sarkauskas") filed suit against Robert Richardson ("Richardson").[1] In Counts I and II, respectively, plaintiffs Delapaz and Sarkauskas assert that Richardson violated their freedom of association by demoting them because of their political affiliation. Richardson moves for summary judgment on those claims. For the reasons set forth below, the Court grants the motion for summary judgment.

**I. Background**

The following facts are undisputed unless otherwise noted.[2]

---

[1]Claims by and against the other original parties to this case are no longer pending.

[2]Before the Court discusses the facts, it reiterates the importance of complying with Local Rule 56.1. Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. As the Court notes on its website (and has mentioned in multiple opinions), the Court enforces Local Rule 56.1 strictly. Facts that are argued but do not conform with the rule are not considered by the Court. In addition, where one party supports a fact with admissible evidence and the other party denies the fact without citation to admissible evidence, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). This, however, does not absolve a party of its initial burden of putting forth admissible evidence to support its facts. Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court.

Plaintiffs and defendant all work for the City of Chicago. The actions that plaintiffs challenge in this case occurred in the summer of 2005.[3] At the time, the plaintiffs and defendant were working within the Department of Streets and Sanitation, the City's largest department. The Department of Streets and Sanitation is responsible for, among other things, refuse collection and disposal, graffiti removal, plowing and sweeping of streets and the maintenance of streets and alleys. The Department of Streets and Sanitation was run by Commissioner Michael Picardi ("Picardi") from June 2005 to July 2009. The Department is divided into seven bureaus, one of which was the Bureau of Sanitation. The Bureau of Sanitation was responsible for snow removal, street cleaning and refuse collection, among other things. The Bureau of Sanitation was run by defendant Richardson from June 2005 to August 2005. By that time, Richardson had worked for the City of Chicago for 25 years.

Plaintiffs, too, have a long history of working for the City of Chicago. Delapaz was hired by the City as a Motor Truck Driver ("MTD") in 1984. In 1998, Delapaz was promoted to the position of Foreman of Motor Truck Drivers ("MTD Foreman") in the Department of Streets and Sanitation. Sarkauskas began working in the Department of Streets and Sanitation as a Motor Truck Driver in 1979. Delapaz supervised Sarkauskas.

The applicable collective bargaining agreement allowed the City of Chicago to assign employees temporarily to work above their title and to be paid at the higher rate applicable to the position at which the employee was temporarily working. They called the practice "acting up." For example, a Motor Truck Driver might be assigned to be the acting MTD Foreman.

In 2002, then-Commissioner Al Sanchez ("Sanchez") assigned Delapaz to act as General Foreman of the Bureau of Street Operations. Delapaz knew that his position was not permanent.

---

[3]In their brief, plaintiffs argue only that their demotions back to their titled positions were unlawful.

In 2001, Sanchez assigned Sarkauskas to work as Foreman in the Department of Sanitation. Later, Sanchez transferred Sarkauskas to the Bureau of Street Operations, where he worked directly under Delapaz. Sarkauskas's titled position remained Motor Truck Driver.

Both Delapaz and Sarkauskas were volunteers for the Hispanic Democratic Organization ("HDO"). Delapaz has volunteered for HDO since 1996 or 1997. Sarkauskas has volunteered for HDO since 2001.

Picardi became Commissioner of the Department of Streets and Sanitation in June 2005. Soon thereafter, Picardi ordered that all employees who were "acting up" in a position higher than their titled position be returned to their titled positions. Picardi made the decision based on operational needs and the budget. Picardi authorized an exception whereby MTDs and MTD foreman could act up during the snow program, which generally runs from November to April. Richardson, as Deputy Commissioner, did not have the authority to hire, demote or promote employees. He could recommend employees for discharge. Although Richardson did not make the decision to return the employees to their titled positions, it was Richardson who delivered the news of Picardi's decision to return employees to their titled positions.

Richardson told both Delapaz and Sarkauskas that they were being returned to their titled positions. When he told Delapaz and Sarkauskas about the demotion, Richardson did not mention the HDO. Richardson, however, said to Delapaz, "You know, Pablo, you are no longer the General Foreman. As a matter of fact, you are in charge of nothing, and your guy is gone."

Since 2005, employees have "acted up" during the snow removal program. For example, since 2005, Rodney Sernek ("Sernek") has acted up as General Foreman during (and only during) the snow program, which occurs between November and April. Sernek has volunteered for and donated money to Alderman Mell's political organization.

## II. Summary Judgment Standard

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III. Discussion

Plaintiffs bring suit under § 1983 and assert that their first amendment rights were violated when they were demoted back to their titled positions.[4] In order to make out a *prima facie* claim "for violation of first amendment rights, public employees must present evidence that (1) their speech was constitutionally protected; (2) they suffered a deprivation likely to deter free speech; and (3) their speech caused the employer's actions." *Gunville v. Walker*, 583 F.3d 979, 983 (7th Cir. 2009). "This means but-for causation." *Fairley v. Andrews*, 578 F.3d 518, 525-

---

[4]In their brief, plaintiffs argue only that their demotions back to their titled positions were unlawful.

526 (7th Cir. 2009) ("Some decisions say that a plaintiff just needs to show that his speech was a motivating factor in defendant's decision. These decisions do not survive *Gross*, which holds that, unless a statute (such as the Civil Rights Act of 1991) provides otherwise, demonstrating but-for causation is part of the plaintiff's burden in all suits under federal law.")(citing *Gross v. FBL Financial Serv., Inc.*, 129 S.Ct. 2343 (2009)). In order to show that the political affiliation caused the deprivation, plaintiffs "must first show that the defendant knew of their association." *Gunville*, 583 F.3d at 984.

In this case, plaintiffs Delapaz and Sarkauskas put forth evidence as to the first two elements. Each plaintiff has put forth evidence that he volunteered for a political organization, the HDO. Each plaintiff has put forth evidence that he was demoted back to his titled position after he was assigned to "act up" at a higher position. That is as far as plaintiffs' claims get.

As defendant Richardson points out, one large problem with plaintiffs' claims is that an individual can be liable under § 1983 only if he caused or participated in the constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).[5] It is undisputed that the decision to demote Delapaz and Sarkauskas was made by Picardi, not by Richardson. Richardson just delivered the news.

Furthermore, plaintiffs have not put forth sufficient evidence from which a jury could conclude that Picardi's decision to demote all employees to their titled positions was caused by plaintiffs' political affiliations. Plaintiffs have put forth no evidence that Picardi knew of their political affiliations. It is undisputed that Picardi made his decision based on budgetary needs

---

[5]Plaintiffs do not address this issue in their brief.

-5-

and operational needs.[6] The order applied to all employees who were acting up, and plaintiffs have not put forth evidence that only HDO-affiliated employees had been acting up before the decision. What Delapaz has put forth is evidence that Richardson told Delapaz, "You are in charge of nothing, and your guy is gone." Delapaz believes Richardson was referring to former-Commissioner Sanchez, the person who had appointed Delapaz to his acting position. That is certainly a reasonable inference, but it does not get Delapaz past summary judgment, because it shows only that Richardson knew of Delapaz's political affiliation. Richardson, however, did not make the decision to demote Delapaz. Even if he had, the standard is but-for causation. A motivating factor is not enough in the face of undisputed evidence that the decision was made for budgetary and operational reasons.

Defendant Richardson is entitled to judgment as a matter of law on plaintiffs' § 1983 claims against him. Accordingly, the Court grants Richardson's motion for summary judgment and hereby grants him summary judgment on Counts I and II.

---

[6]That fact is deemed admitted, because defendant supported the fact with an affidavit, and plaintiffs did not dispute it with admissible evidence.

## IV. **Conclusion**

For the reasons set forth above, the Court grants defendant Richardson's motion for summary judgment. Case dismissed.

ENTER:

/s/ George M. Marovich
_____
George M. Marovich
United States District Judge

DATED: December 28, 2009